

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2006

# Bezabe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3057

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bezabe v. Atty Gen USA" (2006). *2006 Decisions*. Paper 405.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/405

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3057

_____

CARLOS BEZABE,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A23-226-854)

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
September 11, 2006

Before: FUENTES, FISHER, and BRIGHT,* Circuit Judges.

(Filed: September 29, 2006 )

_____

*The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>.

Carlos Bezabe petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's order of removal, and denying his motion to reopen his proceedings. We will deny Bezabe's petition for review.

## I.    **Background**

Carlos Bezabe is a Cuban national who was paroled into the United States as part of the Mariel boatlift in 1980. In 1983, Bezabe moved to Pennsylvania and married a United States citizen. Once there, he was convicted of several gun and drug-related offenses: in 1984, he was convicted in Bergen County, New Jersey of possession of a revolver; in 1986, he was convicted in Lebanon, Pennsylvania of possession with intent to deliver a quarter-pound of marijuana; in 1987, he was convicted in Lebanon, Pennsylvania of two counts of possession with intent to deliver cocaine, and one count of possession of cocaine.

In 1992, Bezabe's wife filed an alien relative petition on his behalf, and in 1997 he applied to adjust his status to legally permanent resident. Unfortunately, in 1998 the Bureau of Immigration and Customs Enforcement instead served Bezabe with a Notice to Appear, charging him as removable under § 212(a)(2)(C) of the Immigration and

Nationality Act ("INA," "Act") as "an illicit trafficker in a[] controlled substance." 8

U.S.C. § 1182(a)(2)(C). On November 30, 1998, Bezabe appeared before an Immigration

Judge ("IJ") who determined that, based on admissions by Bezabe and documentary

evidence, Bezabe was "subject to removal as an alien suspected of engaging in illegal

trafficking of narcotics." The IJ adjourned the proceedings so Bezabe could submit

argument objecting to removal and apply for an adjustment of status. Although Bezabe

never submitted these applications, the IJ determined that Bezabe would not have been

eligible for a § 212(h) discretionary waiver of removal if he had applied for such relief.

The IJ also stated that, if Bezabe had been eligible for a waiver, he would not have

exercised his discretion to waive removal. On January 19, 1999, the IJ ordered Bezabe

removed.

On July 12, 2002, the BIA affirmed the IJ's order of removal. Bezabe filed a

motion to reopen, seeking to pursue a claim under the Convention Against Torture. The

BIA denied this motion on January 29, 2003. On September 26, 2003, Bezabe filed a writ

of habeas corpus with the Eastern District of Pennsylvania. In May 2005, the District

Court transferred Bezabe's petition to this Court pursuant to the REAL ID Act.[1] Before

---

[1] The REAL ID Act provides that habeas petitions pending before the district courts as of its enactment on May 11, 2005 shall be transferred to the court of appeals for the circuit in which a petition for review could properly have been filed. That court of appeals then treats the habeas petition as if it were a petition for review—except that the 30-day filing deadline does not apply. See REAL ID Act of 2005, § 106(c), Pub. L. No. 109-13, 119 Stat. 231, 311; Jordon v. Attorney General, 424 F.3d 320, 327 (3d Cir. 2005).

this Court, Bezabe challenges as legal error the IJ's determinations (1) that he was a drug trafficker under INA § 212(a)(2)(C); and (2) that he was ineligible for an "extreme hardship waiver" under INA § 212(h).[2]  Specifically, he argues that amendments to the INA since 1987[3] were applied retroactively to crimes he committed at that time, and have impermissibly barred his eligibility for a discretionary waiver of removal.  It was not until 1990, he argues, that § 212(a) was amended to define his convictions as "drug trafficking."  And it was not until 1996, he argues, that § 212(h) was amended to bar waiver of removal to aliens who had committed an "aggravated felony."

## II.      Discussion

We have jurisdiction to review questions of law and constitutional claims under INA § 242(a)(2)(D).  8 U.S.C. § 1252(a)(2)(D).  Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).  Accordingly, we review Bezabe's petition to the extent he asserts either constitutional claims or errors of law by the IJ.

A statute has a retroactive effect if it "attaches new legal consequences to events

---

[2] Bezabe appears to have abandoned pursuit of any claim under the Convention Against Torture.

[3] In 1990, INA § 212(a) was amended to consolidate and reorganize the crime-related exclusions under that provision.  See Immigration Act of 1990, Pub. L. No. 101-649, § 601, 104 Stat. 4978, 5067-75.  In 1996, INA § 212(h) was amended to exclude "aggravated felons" from eligibility for an extreme hardship waiver under that provision.  See Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639.

completed before its enactment." INS v. St. Cyr, 533 U.S. 289, 321 (2001). In this case, the relevant statutes do not have a retroactive effect because, contrary to Bezabe's assertions, they have not changed the legal consequences of Bezabe's drug trafficking convictions. Under the "old" and the "new" version of the INA, Bezabe is ineligible for § 212(h) relief.[4]

Before the 1990 amendments to the INA, the Act rendered removable, under § 212(a)(23), any alien who:

> has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . .or . . . [who] immigration officer[s] know or have reason to believe is or has been an illicit trafficker in any such controlled substance . . . .

See 8 U.S.C. § 1182(a)(23) (Supp. IV 1986), amended by Immigration Act of 1990, § 601, Pub. L. No. 101-649, 104 Stat. 4978, 5067-75. The 1990 amendments replaced that provision with INA § 212(a)(2)(C), which renders removable any alien who "is or has been an illicit trafficker in any controlled substance." 8 U.S.C. § 1182(a)(2)(C). In all respects relevant to Bezabe, these provisions are identical: his conduct falls as much under the pre-1990 provision as it does under post-1990 provision. With several convictions for possession with intent to deliver, he "is or has been" an illicit trafficker under either provision.

---

[4] § 212(h) provides, in relevant part, a discretionary waiver of removal when it would "result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien." 8 U.S.C. § 1182(h)(1)(B).

Moreover, § 212(h) relief has, at all relevant times, been unavailable to an alien removable on account of being a drug trafficker. Like the current version of the provision, the pre-1996 § 212(h) permitted a discretionary waiver of removal for aliens charged under § 212(a)(2)(A), (B), (D), and (E). <u>See</u> 8 U.S.C. § 1182(h) (1994). This provision did <u>not</u> provide a discretionary waiver to aliens removed under § 212(a)(2)(C).[5] It specifically omitted relief for aliens removable on account of trafficking in controlled substances. Any changes to § 212(h) that might have affected other aliens have not affected Bezabe. He was ineligible for § 212(h) relief in 1987 and was ineligible in 1999. Therefore, the IJ did not err in denying § 212(h) relief to Bezabe.

Accordingly, we will deny Bezabe's petition for review.

---

[5] Nor did § 212(h) provide—before the 1990 amendments—discretionary relief to aliens charged under § 212(a)(23) as drug traffickers. It permitted discretionary relief to aliens removable under § 212(a)(23) for "simple possession of 30 grams or less of marihuana." <u>See</u> 8 U.S.C. § 1182(h) (1982). This provision would not have applied to Bezabe who has several drug trafficking convictions.